IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ROBERT P. GUILLORY                                                                              PLAINTIFF

v.                                                                      CIVIL ACTION NO. 2:14cv156-MTP

SHERIIFF ALEX HODGE, ET AL.                                                              DEFENDANTS

**OPINION AND ORDER**

THIS MATTER is before the Court following the *Spears*[1] hearing held in this case on April 29, 2015.[2] After careful consideration of the Plaintiff's allegations and the applicable law, the Court finds that the following claims should be dismissed with prejudice.

**BACKGROUND**

Plaintiff Robert Guillory filed his *pro se* and *in forma pauperis* Complaint [1] on September 22, 2014, pursuant to 42 U.S.C. § 1983. Plaintiff is a pre-trial detainee currently being held at the Jones County Adult Detention Center ("JCADC"). The parties appeared and participated in a *Spears* hearing before the Court on April 29, 2015, in which Plaintiff's claims were clarified and amended. Plaintiff's allegations stem from an incident with a JCADC officer on August 3, 2014, which resulted in him being placed in disciplinary segregation for sixty days. Plaintiff's claims will be discussed more thoroughly below.

**ANALYSIS**

Failure to Respond to Grievances

Plaintiff alleges that he was placed in disciplinary segregation without a hearing or the

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2]The contents of the hearing are summarized in the Omnibus Order [48].

1

opportunity to present witnesses or speak on his own behalf. He alleges that Defendant Sheriff Alex Hodge failed to respond to his written grievances regarding the issue in violation of his constitutional rights.

The Court finds that Plaintiff's claims that Defendant Hodge failed respond to his grievances does not rise to the level of a constitutional violation. Plaintiff has no constitutional right to a grievance procedure, and has no due process liberty interest right to having his grievance resolved to his satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005); *see also Lijadu v. I.N.S.*, 2007 WL 837285, at * 3 (W.D. La. Feb. 21, 2007)("[D]etainees 'do not have a constitutionally protected right to a grievance procedure' - much less one that complies with their own personal preferences."). Accordingly, the Court finds that this allegation should be dismissed for failure to state a claim.

Denial of Access to Law Library and Failure to Provide Plaintiff With Stamps and Envelopes

Plaintiff alleges that during the sixty days he spent in disciplinary segregation, he was denied access to the law library at JCADC, as well as access to stamps and envelopes. Plaintiff alleges that he required legal materials and mailing supplies so that he could pursue his civil rights claims.

The United States Supreme Court has held that prisoners have a fundamental constitutional right to "adequate, effective, and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977). However, before an inmate may prevail on this claim, he must demonstrate that he suffered "actual injury," i.e. that the denial of access "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *see also Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998) (without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts claim); *Chandler v. Baird*, 926 F.2d 1057, 1063 (5th Cir. 1991) (holding that a civil rights claim

cannot be based on "minor and short-lived impediments to access" in the absence of actual prejudice).

In this case, Plaintiff has not demonstrated that Defendants hindered his ability to pursue a legal claim. Plaintiff concedes that he eventually obtained assistance from a local inmate legal assistance program while in disciplinary segregation and was able to procure stamps to mail his pleadings to the court. Moreover, at the *Spears* hearing, Plaintiff explicitly stated that he did not lose a legal right due to the Defendants' actions, and that he was able to bring every claim he desired in the instant action. The Court also notes that Plaintiff has communicated extensively with the Court in this matter, and that he has an additional lawsuit pending concerning the time he spent in disciplinary segregation at JCADC.[3] Thus, because Plaintiff has failed to allege that he suffered any "actual injury," his allegations of denial of access to the courts will be dismissed for failure to state a claim. *See Ruiz*, 160 F.3d at 275.

Opening of Legal Mail

Plaintiff alleges that his legal mail was opened and read outside of his presence and without his consent. This mail tampering claim implicates both Plaintiff's right of access to the courts and his right to free speech. *See Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993).

As outlined above, in order for Plaintiff's claim to rise to the level of a constitutional violation of his right to access to the courts, he must allege that his position as a litigant was prejudiced by the mail tampering. *Lewis*, 518 U.S. at 351. Because Plaintiff has only asserted that his legal mail was opened and read outside his presence, and because he concedes that he has

---

[3]*See* Civil Action No. 2:14cv157-MTP currently pending in the United States District Court for the Southern District of Mississippi.

3

suffered no legal injury as a result,[4] he has failed to state a cognizable constitutional claim for denial of his right to access the courts. *See Brewer*, 3 F.3d at 825 (affirming dismissal of prisoner-plaintiffs' mail tampering claims where Plaintiffs did not assert "that their ability to prepare or transmit a necessary legal document has been affected by this opening and inspection.").

Plaintiff has also failed to state a cognizable free speech claim. Prisoners have a right to be free from unjustified governmental interference with communication. *See id.* at 820. Specifically, prisoner's are entitled to a freedom from censorship under the First Amendment's guarantee of free speech. *Id.* However, prisoners retain only those First Amendment rights of speech which are "not inconsistent with [their] status as . . . prisoner[s] or with the legitimate penological objectives of the corrections system." *Hudson v. Palmer*, 468 U.S. 517, 523 (1984). Courts within the Fifth Circuit have consistently held that jails have "a legitimate security interest in opening and inspecting incoming mail for contraband." *E.g., Walker v. Navarro Cnty. Jail*, 4 F.3d 410 (5th Cir. 1993); *Jordan v. Johnston*, Civil Action No. 2:09cvKS-MTP, 2011 WL 3924825, at *6 (S.D. Miss. Aug. 18, 2011); *Hallal v. Hopkins*, 947 F. Supp. 978, 998 (S.D. Miss. 1995). Plaintiff has not alleged that his incoming mail was censored, only that it was opened and read. Such an allegation does not rise to the level of a constitutional violation. *See Brewer*, 3 F.3d at 825. Accordingly, Plaintiff's allegations regarding the opening of his legal mail will be dismissed for failure to state a claim.

IT IS, THEREFORE, ORDERED:

1. That Plaintiff's claim that Defendant Sheriff Hodge did not respond to his grievances is dismissed with prejudice. The Plaintiff's other claims against Sheriff Hodge, as outlined in Omnibus Order [48], remain before the Court.

---

[4]As previously mentioned, at the *Spears* hearing in this case, the Plaintiff stated that he was not prejudiced by the Defendants' actions, as he was successfully able to file suit and the claims he desired to bring are presently before the Court.

2. That Plaintiff's claims regarding denial of access to the law library and access to stamps and envelopes is dismissed with prejudice; and

3. That Plaintiff's claims regarding the opening of his legal mail are dismissed with prejudice.

SO ORDERED this the 30th of April, 2015.

                                                s/ Michael T. Parker
                                                United States Magistrate Judge